```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
WILLIAM S. HARRIS, et al.,    )
                              )
          Plaintiffs,         )
                              )
     v.                       )    Civil Action No. 02-618 (GK)
                              )
JAMES E. KOENIG, et. al.,     )
                              )
          Defendants.         )
_____)
```

## MEMORANDUM OPINION

Plaintiffs William S. Harris, Reginald E. Howard, and Peter M. Thornton, Sr. are former employees of Waste Management Holdings, Inc. ("Old Waste" or "the Company") and participants in the Waste Management Profit Sharing and Savings Plan ("Old Waste Plan" or "Plan"). They bring this action on behalf of the Plan's approximately 30,000 participants against Defendants,[1] all of whom were fiduciaries of the Old Waste Plan or are fiduciaries of its

---

[1] Defendants include the "Old Waste Fiduciaries" (Old Waste (the Plan's sponsor), the Waste Management, Inc. Profit Sharing and Savings Plan Investment Committee ("Old Waste Investment Committee"), the Waste Management, Inc. Profit Sharing and Savings Plan Administrative Committee ("Old Waste Administrative Committee"), the individual Trustee Members of the Committees, the Old Waste Board Directors and its individual members, and fifteen unidentified fiduciaries) and the "New Waste Fiduciaries" (the Waste Management Retirement Savings Plan ("New Waste Plan"), the Investment Committee of the Waste Management Retirement Savings Plan ("New Waste Investment Committee") and its individual Trustee Members; the State Street Bank and Trust Company ("State Street"), and fifteen unidentified fiduciaries).

successor plan, the Waste Management Retirement Savings Plan ("New Waste Plan").[2]

In the Third Amended Complaint [Dkt. No. 181], Plaintiffs alleged ten separate violations by Defendants of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. This matter is presently before the Court on Plaintiffs' Motion for Leave to File a Fourth Amended Complaint [Dkt. No. 240], in which they seek to revive five claims dismissed as time-barred in the March 12, 2009 Order on Defendants' Motion to Dismiss and to add two new ERISA claims against Defendants, and Plaintiffs' Motion for Leave to File a Substitute Fourth Amended Complaint [Dkt. No. 257], in which Plaintiffs seek to add two additional ERISA claims against Defendants. Parties presented oral argument at a Motions Hearing held on December 2, 2009. Upon consideration of the parties' arguments, the Motions, Oppositions, Replies, and the entire record herein, and for the reasons set forth below, the Motions for Leave to File are **granted in part**, and **denied in part**.

I.   **Background**

This action arises from Old Waste's announcement on February 24, 1998 that it was restating several of its financial statements

---

[2] On January 16, 1998, Old Waste and Waste Services, Inc., merged to become New Waste. On January 1, 1999, the Old Waste Plan was merged with the USA Waste Services, Inc. Employee's Savings Plan to become the Waste Management Retirement Savings Plan ("New Waste Plan").

for periods between 1991 and 1997 and that, prior to 1992 and continuing through the first three quarters of 1997, it had materially overstated its reported income by $1.43 billion. That announcement led to a securities class action in the Northern District of Illinois, which settled on September 17, 1999. In 1999, after Old Waste merged with Waste Services, Inc. to become New Waste, New Waste announced further after-tax charges and adjustments of $1.23 billion. The announcement led to the filing of additional securities class action complaints against New Waste and certain of its officers and directors in the Southern District of Texas, which settled on April 29, 2002. Both settlements included the Plans and its fiduciaries within the scope of the class.

On February 2, 2005, Plaintiffs filed their Third Amended Complaint in this action, alleging ten counts of ERISA violations. The claims were divided into three periods. First, Plaintiffs alleged five ERISA violations related to the Plan's purchase of inflated shares of company stock in the first claim period between January 1, 1990 and February 24, 1998 (Counts I-V). Second, Plaintiffs alleged four ERISA violations related to the release of claims by the Old Waste Plan's fiduciaries in the Illinois securities litigation (Counts VI-IX) in the second claim period. Third, Plaintiffs alleged one ERISA violation in the third claim period related to the release of claims by the New Waste Plan's

trustee--Defendant State Street--in the Texas securities litigation.

In this Court's March 12, 2009 Order [Dkt. No. 218], Counts I-V were dismissed as time-barred under ERISA § 413 because Plaintiffs had "actual knowledge of the breach or violation" more than three years before filing the original Complaint. March 12, 2009 Order at 26. The Order also rejected Plaintiffs' argument that the three-year limitation should be tolled, finding that Defendants' failure to disclose material information was insufficient to establish fraud or concealment under ERISA. Id. at 27-29. In the Motion for Leave to File a Fourth Amended Complaint, Plaintiffs request leave to amend their Complaint to include new facts that establish acts of fraud or concealment by Defendants--namely, that certain Old Waste Plan fiduciaries "fraudulently misstated, or caused to be fraudulently misstated, material financial information contained in disclosures required by ERISA and the 1934 Act." Substitute Fourth Amended Complaint at ¶ 79.

Plaintiffs also seek to add Counts XI and XII, both of which relate to the third claim period covering the Texas securities litigation. The Third Amended Complaint currently includes one count (Count X) related to this period, which alleges that Defendant State Street breached its fiduciary duties under ERISA § 404 by releasing the ERISA claims in the Texas litigation without first conducting an adequate review, and without adequate

consideration. Count XI would further allege that State Street caused the New Waste Plan to engage in a prohibited exchange with New Waste, a party in interest, by releasing the claims. Count XII would allege that State Street, along with Defendants New Waste Investment Committee and its individual Trustee Members, breached their fiduciary duties by enabling each other (as co-fiduciaries) to commit the violations described in Counts X-XI.

Finally, in the Motion for Leave to File a Substitute Fourth Amended Complaint, Plaintiffs seek to add Counts XIII and XIV. These counts stem from Defendants' statement, made in the course of opposing the Motion to add Counts XI and XII, that Defendant State Street was released from all third period claims because it was acting as an "agent" of New Waste. Each count alleges that such a principal-agent relationship conflicts with State Street's fiduciary obligations, and so State Street's participation in the Illinois and Texas settlements constitutes prohibited self-dealing in violation of ERISA § 406(b), 29 U.S.C. § 1106(b).

In opposing the Motions, Defendants argue that all nine counts are barred by the statute of limitations contained in § 413 of ERISA. Defendants further argue that the Motions for leave to amend should be denied because of the undue delay in adding Counts I-V, XI, and XII and the prejudice that would follow from permitting amendment at this point in the proceedings.

## II. Standard of Review

Under Rule 15(a), after amending as a matter of course "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (U.S. 1962); Atchinson v. District of Columbia, 73 F.3d 418, 425-26 (D.C. Cir. 1996); Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1083-85 (D.C. Cir. 1998).

When a party amends its complaint to add a claim or defendant, the statute of limitations may bar the amendment unless it "relates back" to the original complaint, in which case the date of the original pleading is used.  Under Federal Rule of Civil Procedure 15(c):

> [A]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . .

**6**

Fed. R. Civ. P. 15(c).

Relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005); see also Jones v. Bernanke, 557 F.3d 670, 674 (D.C. Cir. 2009) ("[A]ttempts to introduce a new legal theory based on facts different from those underlying the timely claims does not relate back") (internal quotation and citation omitted). Instead, "[t]he underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." Meijer, Inc. v. Biovail Corp., 533 F.3d 857, 866 (D.C. Cir. 2008).

### III. Analysis

First, Plaintiffs seek to revive Counts I-V, which were dismissed as time-barred in the March 12, 2009 Order, in the Motion for Leave to File a Fourth Amended Complaint. Second, Plaintiffs seek leave to add Counts XI and XII against Defendants State Street, the New Waste Investment Committee, and the Committee's individual trustee members. Third, Plaintiffs seek to add Counts XIII and XIV against Defendant State Street in the Motion for Leave to File a Substitute Fourth Amended Complaint.

### A.   Plaintiffs Are Granted Leave to Revive Counts I-V

Counts I-V allege the Old Waste fiduciaries' liability for their conduct during the years in which the Old Waste Plan purchased and maintained shares of Old Waste stock at artificially inflated prices. These claims were dismissed as time-barred in the March 12, 2009 Order under the three-year limitations period. March 12, 2009 Order at 26. Section 413 of ERISA sets forth the statute of limitations for ERISA violations:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; <u>except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation</u>.

29 U.S.C. § 1113 (2008) (emphasis added).

Plaintiffs now seek leave to amend Counts I-V to add allegations of fraud or concealment in order to use the six-year tolling provision. The parties agreed at the motions hearing that, if the tolling provision is found to apply, Plaintiffs' discovery of the violations alleged in Counts I-V is February 24, 1998, the date on which Old Waste announced the accounting irregularities.

Leave to amend to cure deficiences in pleading fraud is favored in this Circuit.  See, e.g., Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996).  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b) (2007).  This Court is satisfied that Plaintiffs have stated the circumstances constituting fraud--namely, the fraudulent misstatements made by Plan fiduciaries in public filings--in the Substitute Fourth Amended Complaint with sufficient particularity to satisfy Rule 9(b).

There also is no sufficiently compelling reason to deny leave to amend.  As only four months have passed between this Court's order dismissing Counts I-V and the Motion for Leave to File a Fourth Amended Complaint, there is no indication of Plaintiffs' undue delay, bad faith, dilatory motive, or repeated failure to cure this deficiency in previous amendments.

Finally, Defendants argue that, under the fraudulent concealment doctrine, Plaintiffs' actual knowledge of the underlying claims prevents application of the six-year tolling provision for fraud or concealment, and so Counts I-V are still time-barred.  Given the significance and dispositive nature of Defendants' argument, the briefings and argument on this subject were not sufficiently clear or convincing to deny the Motions for

Leave to File at this early point in the history of the proposed amendments.  Further development is needed on the issue of whether, and how, § 413's six-year tolling provision for fraud or concealment applies when a plaintiff gained actual knowledge of the violation after it had ceased, and only upon the defendant's voluntary disclosure of the information.  In short, the Court defers ruling on the merits of Defendants' statute of limitations argument, which is better addressed in a motion to dismiss.

Therefore, the Motion for Leave to amend Counts I-V in order to add sufficient allegations of fraud or concealment is **granted.** While relatively short delays will undoubtedly follow this decision, given the likelihood of Defendants' filing a motion to dismiss, the Court is aware that counsel have been working cooperatively and productively on discovery, and anticipates that they will continue to do so.

### B.   **Plaintiffs Are Denied Leave to Add Counts XI and XII**

In the Motion for Leave to File A Fourth Amended Complaint, Plaintiffs also seek to add two new claims relating to the third claim period.  Count XI alleges that Defendant State Street engaged in a prohibited exchange of choses in action between the New Waste Plan and New Waste in violation of ERISA § 406(a)(1)(A), and Count XII alleges that Defendant State Street, as well as Defendants New Waste Investment Committee and its individual trustee members-- named as Defendants for their conduct in the third claim period for

10

the first time--enabled their co-fiduciaries to commit ERISA violations in the third claim period in violation of ERISA §§ 405(a)(2) and (3).

Defendants argue that the Court has discretion to deny amendment on the grounds of undue delay and prejudice because Plaintiffs could have alleged these claims in the Third Amended complaint filed in 2005. At the motions hearing, Plaintiffs conceded that, while Counts XI and XII may not have been fully ripe when the Third Amended Complaint was filed in February 2005, over four years ago, there was no legal bar that prevented them from filing. Had the claims had been filed at that time, they would have been addressed in Defendants' Motion to Dismiss the Third Amended Complaint, which was decided in the March 12, 2009 Order.

There is no justification for Plaintiffs having waited over four years to bring these claims. While the case law indicates that, "[a]bsent evidence of prejudice, delay . . . cannot justify denying a motion to amend to clarify the legal basis for a complaint," this is an old, complex case and permitting two new counts will drag it out even further. Harrison v. Rubin, 174 F.3d 249, 250, (D.C. Cir. 1999). Moreover, Count XII carries real prejudice to the New Waste Investment Committee and its individual members, who were not previously given notice that they would be

11

held liable for their conduct in the third claim period.  Thus, the Motion for Leave to add Counts XI and XII is **denied**.[3]

### C.   Plaintiffs Are Granted Leave to Add Counts XIII and XIV

Finally, in the Motion for Leave to File a Substitute Fourth Complaint, Plaintiffs seek leave to add two new counts.  These claims arise from the argument, made by Defendants in their Opposition to the Motion for Leave to File a Fourth Amended Complaint, that Defendant State Street was released from liability for Counts XI and XII under the terms of the settlement agreement entered in the Texas securities litigation.  Opp'n to Motion for Leave to File A Fourth Amended Complaint at 18-19.  Specifically, Defendants argue that State Street qualified as an "agent" of New Waste under the terms of the settlement agreement, and thus was a "Releasee," as defined in that agreement.

Given the conflicts that could arise from a Plan trustee being subject to such a principal-agent relationship during the course of settlement negotiations, Plaintiffs seek leave to add two new counts alleging that Defendant State Street's participation in the Illinois and Texas settlements constituted prohibited self-dealing in violation of ERISA § 406(b).[4]  The Waste Management Defendants'

---

[3] Because the Motion is denied on grounds of undue delay and prejudice, Defendants' argument that Counts XI and XII are time-barred because they do not relate back to the Third Amended Complaint need not be addressed.

[4] Count XIII addresses Defendant State Street's involvement in the Illinois litigation, while Count XIV addresses Defendant State

main argument in response addresses the definition of "agent" under the Illinois and Texas settlement agreements, and whether Defendant State Street was capable of exercising independent judgment despite being an agent of Old Waste and New Waste. Waste Management Defs.' Opp'n to Motion for Leave to File a Substitute Fourth Amended Complaint at 3-4 [Dkt. No. 260]. At this point, discovery is needed on this issue, and Defendants' argument would be better addressed in a more fully fleshed out motion to dismiss.

Defendants also argue, however, that these claims are time-barred under ERISA § 413 because Plaintiffs were put on notice of the alleged principal-agent relationship years ago by the New Waste Plan's Master Trust Agreement.[5] Plaintiffs respond that they "knew that State Street was a fiduciary, but [] did not know that State Street purported to act as an agent of Waste." Reply to Opp'n to Motion for Leave to File A Substitute Fourth Amended Complaint at

---

Street's involvement in the Texas litigation.

[5] Defendants also rely on various allegations made by Plaintiffs in 2002 that State Street's participation in the Texas settlement was a prohibited transaction under § 406(a) to argue Plaintiffs' actual knowledge. Opp'n to Motion for Leave to File a Substitute Fourth Amended Complaint at 4-7 [Dkt. No. 259]. However, this argument is unpersuasive because Counts XIII and XIV allege prohibited transactions under § 406(b), not § 406(a). The § 406(a) violations alleged in 2002 are based on a different set of facts: the prohibited exchange of the ERISA claims with a party in interest. A § 406(b) violation, in contrast, occurs when a fiduciary <u>acts on behalf of</u> or <u>represents</u> a party whose interests are adverse to beneficiaries. 29 U.S.C. § 1106(b) (2008). Thus, the 2002 allegations do not demonstrate Plaintiffs' actual knowledge of the principal-agent relationship.

4 [Dkt. No. 267]. Further, because Plaintiffs seek leave to add these claims in 2009, over six years since the Texas litigation was settled, they must allege fraud or concealment with particularity in order to rely on the six-year tolling provision, which runs from the date of Plaintiffs' <u>discovery</u> of the allegedly prohibited relationship between Defendant State Street and the company. 29 U.S.C. § 1113 (2008) ("[I]n the case of fraud or concealment, such action may be commenced not later than six years after the date of <u>discovery</u> of such breach or violation.") (emphasis added).

The reasoning applied to the statute of limitations argument above, <u>supra</u> Part III.A, applies equally here. At this point in the early history of Counts XIII and XIV, and given the significance and dispositive nature of Defendants' statute of limitations argument, the arguments presented at the hearing and in the parties' briefs are not sufficiently developed to warrant denying Plaintiffs' Motion. Clarification is needed on when Plaintiffs first learned of the principal-agent relationship, what the scope and nature of that relationship was, and whether Plaintiffs must allege more than the fact of the relationship to make out a claim under ERISA § 406(b). Thus, the Motion for Leave to File a Substitute Fourth Amended Complaint is **granted** without addressing Defendants' statute of limitations argument, which they are free to raise in a motion to dismiss.

**IV.  CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Leave to File a Fourth Amended Complaint is **granted** with respect to Counts I-V, and **denied** with respect to Counts XI and XII.  The Motion for Leave to File a Substitute Fourth Amended Complaint is **granted** with respect to Counts XIII and XIV.

In the interest of ensuring that this case continues to move forward at an appropriate pace, any motion to dismiss must be filed no later than January 15, 2010.  Oppositions to any motion to dismiss will be due by February 15, 2010, and the reply by March 1, 2010.  Because brevity often forces parties to better focus their arguments, the motions and oppositions are limited to thirty pages each, and the reply to fifteen pages.

An Order will accompany this Memorandum Opinion.


December 14, 2009                            /s/
                                     Gladys Kessler
                                     United States District Judge

<u>Copies to</u>: attorneys on record via ECF