# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WILLIAM S. HARRIS, *et al.*,         :
                                  :
    Plaintiffs,   :
                                  :
    v.            :   Civil Action No. 02-618 (GK)
                                  :
JAMES E. KOENIG, *et al.*,            :
                                  :
    Defendants.   :

## MEMORANDUM OPINION

Defendant, State Street Bank & Trust Company ("State Street"), has filed a Motion to exclude the expert reports of Marcia Wagner and Jeffrey Lewis. Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, the Court concludes that the Motion should be **denied** for the following reasons.

In 1993, the Supreme Court decided Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). That case now governs the admissibility of expert testimony. Even though a vast amount of case law has developed since Daubert was decided, the fundamental principles enumerated in Daubert dictate the results in this case. Daubert held that the trial court has a gate-keeping function which encompasses a responsibility to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. That gate-keeping function applies to both expert scientific testimony and to "testimony based on 'technical' and 'other specialized' knowledge." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999). In short, under Daubert, as well as the leading case in our own Circuit, Ambrosini v. Labarraque, 101 F.3d 129, 133 (D.C. Cir. 1996), the Court must focus its analysis on the reliability and relevance of the proffered

expert testimony. The Court will now address State Street's challenges to the testimony of Ms. Wagner and Mr. Lewis.

l.      Defendant challenges the qualifications of Ms. Wagner to testify as an expert, emphasizing that she has never served as a trustee or fiduciary of an employee benefit plan holding company stock. Def.'s Mot. at 7. Plaintiffs' Opposition goes into great detail about the qualifications of Ms. Wagner. Pls.' Opp. at 6-7. She graduated from Cornell University and Harvard Law School. She works exclusively in the area of pensions and employee benefits law. She is a Fellow of the American College of Employee Benefits Counsel and has written numerous books and articles about ERISA and tax compliance, all of which are listed in her resume. Id., exh. 2 at 19-24. She has also served on the IRS' Advisory Committee on Tax Exempt and Governmental Entities and its Employee Plans subcommittee. Moreover, she has served as a plan fiduciary for an employee retirement plan and has been an independent fiduciary for orphaned plans. In short, there can be no question about her expertise in the area and her qualifications to render an expert opinion on the applicable standard of care for fiduciaries under ERISA, §§ 404(a) and 406.

Defendant also argues that Ms. Wagner's expert report must be excluded because it reaches the inadmissible legal conclusion, that "State Street failed to properly exercise its duties as a fiduciary charged with protecting the interests of plan participants." Def.'s Mot. at 6, exh. A, ¶ 27. The simple answer to this argument is that expert witnesses, in all types of litigation, render an opinion as to what the applicable standard of care is and whether it has been complied with. SEC v. Johnson, 525 F. Supp. 2d 70, 77 (D.D.C. 2007) (finance); Halcomb v. Washington Metro. Area Transit Auth., 526 F. Supp. 2d 24, 26 (D.D.C. 2007) (law enforcement); Nichols ex rel. Hamilton v. Greater SE Comty. Hosp., 382 F. Supp. 2d 109, 114-15 (D.D.C. 2005) (medicine). As we all

know, if there is an expert on one side testifying to those issues, there will usually be an expert on the other side testifying to the contrary. It is the fact-finder's job to resolve the differences in opinion. Smith v. Haden, 872 F. Supp. 1040, 1046 (D.D.C. 1994). Moreover, Federal Rule of Evidence 702 explicitly states that an expert witness may provide "scientific, technical, or other specialized knowledge," so long as it will "assist the trier of fact to understand the evidence or to determine a fact in issue."

Finally, there is no question that the Wagner report is clearly relevant to the central claim against State Street as to whether it met the standard of care as fiduciary of the new Waste Plan when it decided the Plan should not participate in the Illinois litigation settlement, except to file a proof of claim.

2. Defendant also challenges the qualifications of Jeffrey Lewis, who has submitted an expert witness report on whether State Street Bank satisfied its duties of care as a corporate trustee in 1999. Defendant complains that Lewis is a plaintiffs' class action lawyer, who had no relevant experience as an ERISA fiduciary in 1999 and has never served as a trustee or fiduciary of an employee benefit plan holding company stock. Def.'s Mot. at 7-8. Again, as with Ms. Wagner, Plaintiffs' Opposition goes into great detail about Mr. Lewis' qualifications. Pls.' Opp. at 4-5. They are many. He graduated from Yale and received his JD from Boalt-Hall law School (University of California-Berkeley). He is one of the Co-Chairs of the Board of Senior Editors, Sacher, et al., of BNA's Employee Benefits Law, which is published by the American Bar Association. He is a Fellow of the American College of Employee Benefits Counsel. From 1998-2001, he served as the Plaintiffs' Co-Chair of the American Bar Association's Employee Benefits Committee of the Labor and Employment Section. Prior to that, he was Co-Chair for the Fiduciary Responsibility

Subcommittee of the Employee Benefits Committee. He has taught classes at the University of San Francisco School of Law, the Golden Gate Law School, and Hastings College of Law (University of California). Finally, he has served as trustee of a public pension plan and fiduciary committee member of an ERISA VEBA. In short, Mr. Lewis is fully qualified to give his expert opinion as to what an experienced ERISA attorney would do in order to investigate and evaluate different courses of action with respect to possible legal claims arising out of an ERISA plan's imprudent investment in company stock.

State Street raises the same objection to Mr. Lewis' testimony as it did to Ms. Wagner's testimony, namely, that he is providing an expert opinion on the standard of care applicable to the actions of State Street, which is an inadmissible legal conclusion. This argument fails for the same reason that it was rejected as to Ms. Wagner's testimony.

For the reasons stated, the Court concludes that State Street's Motion must be **denied**.

May 16, 2011
/s/
Gladys Kessler
United States District Judge