**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
WILLIAM S. HARRIS, *et al.*,  )
                              )
                              )
      Plaintiffs,            )
                              )
  v.                          )  Civil Action No. 02-618 (GK)
                              )
JAMES E. KOENIG, *et. al.*,   )
                              )
      Defendants.            )
_____)

**MEMORANDUM OPINION**

The Waste Management Defendants[1] have filed, pursuant to Federal Rule of Evidence 702 (Defs.' Mot.) (March 30, 2011) [Dkt. No. 444], a Motion to Exclude the Opinion Testimony of Saul Solomon Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, the Court concludes that the Motion will be **denied** for the following reasons.

Under Rule 702, a trial court may only admit expert testimony that is both relevant and reliable. <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 141, 119 S. Ct. 1167 (1999); <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589, 113 S. Ct. 2786 (1993). In considering Rule 702 motions, the court assumes only a "limited gate-keep[ing] role" directed at excluding expert testimony that is

---

[1] The term "Waste Management Defendants" refers to Defendants Waste Management Holdings, Inc., Waste Management Retirement Savings Plan, Waste Management Inc. Profit Sharing and Savings Plan Investment Committee, Waste Management Inc. Profit Sharing and Savings Plan Administrative Committee, and Investment Committee of the Waste Management Retirement Savings Plan.

based upon "subjective belief" or "unsupported speculation." Ambrosini v. Labarraque, 101 F.3d 129, 135-36 (D.C. Cir. 1996). Courts take a flexible approach to deciding Rule 702 motions, Daubert, 509 U.S. at 594, and have "broad discretion in determining whether to admit or exclude expert testimony." U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc., 608 F.3d 871, 895 (D.C. Cir. 2010) (internal quotations and citation omitted). The party seeking to introduce expert testimony must demonstrate its admissibility by a preponderance of the evidence. Daubert, 509 U.S. at 592 n.10.

In bringing this Motion, Defendants argue that the Declaration of Saul Solomon ("Solomon Report"), which calculates losses to the Waste Management Profit Sharing and Savings Plan ("Old Waste Plan"), by comparing the value of the Waste Management Stock and that of two alternative investments at the end of the loss period, is both unreliable and irrelevant. See Declaration of Saul Solomon (Mar. 30, 2011) [Dkt. No. 435-9]. For the following reasons, the Court concludes that the Solomon Report is reliable, relevant, and admissible under Rule 702.

### A. The Solomon Report Is Reliable

Under Rule 702, expert testimony is reliable if (1) it is "based upon sufficient facts or data;" (2) it is "the product of reliable principles and methods," and (3) "the witness has applied the principles and methods reliably to the facts of the case." Here, Defendants argue that the Report is unreliable because its

calculations are based on the alternative-investment method, which has "uniformly [been] held by courts to be improper under the circumstances of this case." Defs.' Mot. 1. This argument fails for several reasons.[2]

First, Defendants make the flat out statement that although Solomon has used the alternative-investment methodology for calculating losses in many other ERISA cases, "his calculations have never been passed on, much less accepted, by any court." Id. at 4. Either Defendants have purposefully made an extremely misleading assertion, or they are just plain wrong. There is no question that the alternative-investment test has been recognized as a reliable means of calculating damages in ERISA cases that involve breaches of fiduciary duty for failures to prudently invest and manage an employee retirement plan. Evans v. Akers,[3] 534 F.3d 65 (1st Cir. 2008); Donovan v. Bierwirth,[4] 754 F.2d 1049, 1056 (2d Cir. 1985); Graden v. Conexant Systems, Inc.,[5] 496 F.3d 291, 301

---

[2] Defendants do not challenge Solomon's qualifications.

[3] Although Defendants argue that Evans was a standing case and therefore should not be relied on, it is clear that the court was accepting it as one form of measuring damages. Evans 534 F.3d at 74.

[4] While Donovan accepted the legitimacy of the alternative-investment methodology it did, in dicta, suggest that it might not be the best measure of damages in all types of situations.

[5] As to Graden, Defendants again argue that because it was a standing case, it should not be relied on. However, the Graden court specifically ruled that "the measure of damages is the amount
(continued...)

(3d Cir. 2007); <u>Chao v. Trust Fund Advisors</u>,02-cv-559, 2004 WL 444029 (D.D.C. Jan. 20, 2004).

Second, Defendants' real argument is that the alternative-investment test is not the most appropriate method to be applied in <u>this</u> ERISA case, where Defendants have been accused of imprudently investing in stocks they knew to be artificially-inflated by accounting improprieties. Defs.' Mot. 11-14. In presenting this argument, Defendants fail to address the key issues to be considered in ruling on a Rule 702 motion, namely, whether the Report is based on sufficient facts and data, and whether the alternative-investment test has been reliably applied. FED. R. EVID. 702 (1),(3). Instead, Defendants' effort to strike Solomon's testimony is actually a challenge to the merits of Plaintiffs' underlying action, including the nature of their allegations, as well as the appropriate damages calculation for those claims.

Finally, as a review of the Report shows, Solomon's analysis relies on a host of relevant facts and figures, methodically and carefully applies the alternative-investment test to those facts, and provides damages calculations whose mathematical accuracy is undisputed.

Thus, for the foregoing reasons, the Court concludes that Plaintiffs have demonstrated, by a preponderance of the evidence,

---

[5](...continued)
that affected accounts would have earned if prudently invested." 496 F.3d at 301.

that the Report is "the product of reliable principles and methods."

B.  **The Solomon Expert Report Is Relevant**

An expert report is relevant if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert, 509 U.S. at 591 (internal quotations and citation omitted). Claiming the Solomon Report does not meet this standard, Defendants raise the following arguments: (1) Solomon erroneously made the "overarching assumption" that "the alternative-investment methodology is a proper approach for calculating losses in this case;" (2) Solomon "avoided having to do any real analysis that would assist the Court in assessing whether or to what extent the ["Old Waste"] Plan actually suffered any losses attributable to Plaintiffs' First Period Claims;" and (3) Solomon's methodology contradicts the method used by Plaintiffs' other experts Alan Madian and Bente Villadesen. See Defs.' Mot. 5-9, 15-18; Defendants' Reply Brief in Support of Their Motion to Exclude Opinion Testimony of Saul Solomon, 6-10 ("Defs.' Reply") (Apr. 20, 2011) [Dkt. No. 458].

In assessing relevance or "fit," "once an expert has explained his or her methodology, and has withstood . . . evidence suggesting that the methodology is not derived from the scientific method, the expert's testimony, so long as it 'fits' an issue in the case, is

admissible under Rule 702 for the trier of fact to weigh." Ambrosini, 101 F.3d at 134.

### 1. Solomon's Use of the Alternative-Investment Test Was Not Unreasonable

The Solomon Report does not purport to opine on what the proper damages formula is for this case. It merely provides a series of calculations based on Plaintiffs' view that the alternative-investment test is the most appropriate to apply to calculation of their ERISA damages. Consequently, Solomon's use of this formula is not an "unreasonable assumption," but rather comports with Plaintiffs' theory of the case. While Defendants may disagree with that legal theory, resolution of this disagreement will occur at the merits stage of the litigation and not pursuant to a Rule 702 motion. See Donovan, 754 F. 2d at 1052 (holding that "[m]easuring damages involves the application of law to fact; the proper formula for calculating damages is essentially a question of law").

### 2. Solomon's Calculations Involved "Real Analysis"

Defendants claim that Solomon did not conduct any "real analysis" because his calculations are based on a number of "unreasonable assumptions" that were "supplied to him by Plaintiff's [sic] counsel." Defs.' Mot. 5-6, 15-16; Defs.' Reply 6-9. He assumed (1) "that Waste Management stock was an 'imprudent investment' throughout the First Claim Period;" (2) "that Plan fiduciaries would have eliminated Waste Management stock as an

investment option throughout the First claim Period and would not have allowed the Plan participants to invest in Waste Management stock at all during that time;" (3) "that all of the money that Plan participants invested in Waste Management stock during the First Claim Period would have been invested instead in one of two alternative investments: either the Vanguard 500 Index Investor Fund or the Vanguard Wellington Income Fund;" and (4) that "[t]he time period for measuring the loss was January 1, 1990 through February 24, 1998." Defs.' Mot. 5-6, 15-16; Defs.' Reply 8-9.

Briefing on the Motion makes clear that Solomon's testimony will unquestionably "assist the trier of fact," namely, the Court. Whether or not it is based on "unreasonable assumptions" will be determined at trial after full cross-examination. Defendants' objections go to the weight, not the admissibility of his Report.

As to the claim that the Report contains no "real analysis," that is simply not true. First, in keeping with the alternative-investment method, Solomon calculated damages based upon "the greater profits [an employee investment plan] might have earned if the Trustees had invested in <u>other</u> Plan assets, rather than [in the imprudent stock]." <u>Donovan</u>, 754 F.2d at 1054 (emphasis added). Second, in calculating losses to the Old Waste Plan, Solomon used the Vanguard 500 Index Investor Fund and the Vanguard Wellington Income Fund, two investments that were actually available to employees in the Old Waste Plan, as his "alternative-investments."

Solomon Report 7-8.[6] While Plaintiffs instructed Solomon to use these two funds, the Report provided a number of justifications for treating them as prudent investment alternatives. Id. Finally, the Report also provides the Court with two different scenarios for calculating damages to the Old Waste Plan under the alternative-investment test.

This kind of report is among the types of expert testimony admissible under Rule 702. See, e.g., Capitol Justice LLC v. Wachovia Bank, N.A., 706 F. Supp. 2d 34 (D.D.C. 2009). It provides complex mathematical calculations under a number of different scenarios and is, therefore, clearly useful for helping this Court understand one of the possible loss formulas applicable to this litigation. See Evans, 534 F.3d at 74 ("Losses to a plan from breaches of the duty of prudence may be ascertained, with the help of expert analysis, by comparing the performance of the imprudent investments with the performance of a prudently invested portfolio.")(emphasis added).

---

[6] Defendants correctly point out that the Report measures losses to the Old Waste plan from January 1, 1990 through February 24, 1998, which is the loss period claimed by Plaintiffs. Although Defendants describe this as an "unreasonable assumption," the Report expressly states that it provides no opinion about the appropriate loss period. Solomon Report 6 n. 9.

### 3. The Solomon Report Does Not Conflict with the Report of Plaintiffs' Experts Alan Madian and Bente Villadesen

Based on the excerpts provided by Plaintiffs and Defendants, the Report of Experts Alan Madian and Bente Villadesen focuses only on the extent to which Waste Management stock was artificially-inflated during the claim period. See Plaintiffs' Ex. 7 (Apr. 13, 2011) [Dkt. No. 452-1]; Defendants' Ex. 1 (Mar. 30, 2011) [Dkt. No. 444-3]. In fact, their Report specifically states that "[c]ounsel informed us that other experts would be providing expert reports and testimony regarding ERISA losses and accounting issues." Plaintiffs' Ex. 7, 5. Thus, the two Reports address distinctly different issues, and therefore there is no conflict between them.

For these reasons, the Court concludes that Plaintiffs have demonstrated by a preponderance of the evidence that the Solomon Report is relevant under Rule 702.

### C. Conclusion

The Court concludes with two observations. First, many of the criticisms of the Solomon Report raised by Defendants -- such as the unreasonableness of its assumptions -- are properly addressed by cross-examination at trial. Second, it is premature to decide at this time, in the context of a Rule 702 Motion, the legal question of which damages test is appropriate, especially since the factual presentation of this case has not yet been made.

For the foregoing reasons, Defendants' Motion to Exclude the Testimony of Saul Solomon is **denied**. An Order will accompany this Memorandum Opinion.

June 27, 2011

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**