UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM S. HARRIS, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 02-618 (GK/JMF) |
| JAMES E. KOENIG, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OPINION**

Now pending before the Court are Plaintiffs' Response to Order to Show Cause [#416] and Defendants' Response to Order to Show Cause Why Sanctions Should not be Imposed [#417]. The Court ordered both parties to respond to an Order [#413] to show cause why they both should not sanctioned pursuant to 28 U.S.C. § 1927 for their conduct in the prosecution and defense of Plaintiffs' Motion for Protective Order to Prohibit Defendants' Proposed Deposition of Plaintiffs' Counsel Ellen M. Doyle [#395]. For the following reasons, no sanctions will be applied to either party.

Background

This case is an ERISA class action lawsuit that was filed in 2002. The focus of this opinion is on a series of events in late 2010. On October 8, 2010, the defendants served a subpoena on plaintiff's lawyer, Ellen Doyle, in order to probe comments she made on her Texas fee application in 2002. On November 9, 2010, four days after filing a reply memorandum in support of plaintiff's motion for a protective order to prohibit the deposition, the plaintiffs filed a Fifth Amended Class Action Complaint [#403-1] that dropped Count X. The relevance of Ms. Doyle's proposed testimony was primarily tied to Count X, yet plaintiffs did not file a stay of their motion for a protective order, and defendants continued to press for Ms. Doyle's testimony. On December 2, 2010, I signed an order granting plaintiffs' motion for a protective order, and ordered both parties to show cause why they both should not be sanctioned pursuant to 28 U.S.C.

§ 1927[1] for their conduct in the prosecution and defense of the application for the protective order.

<h2 style="text-align:center">Statutory Basis for Sanctions</h2>

Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court in the United States or any Territory thereof who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The purpose of § 1927 is to allow the Court "to assess attorney's fees against an attorney who frustrates the progress of judicial proceedings." United States v. Wallace, 964 F.2d 1214, 1218 (D.C. Cir. 1992).

Three grounds for possible sanctions exist: the failure of the plaintiffs to withdraw their motion for a protective order following their dropping of Count X, to discuss thoroughly plaintiffs' intentions as to Count X and its significance for the plaintiffs' motion, and defense counsel's decision to pursue Ms. Doyle's testimony seven years after gaining access to the Texas fee petition.

<h2 style="text-align:center">The Parties' Assertions</h2>

A.   <u>Plaintiffs' Failure to Withdraw Motion for a Protective Order</u>

Plaintiffs' counsel set forth two reasons for their failure to withdraw their motion for a protective order after dropping Count X: 1) that the two subpoenas for Ms. Doyle's testimony remained outstanding, and 2) that the plaintiffs also believed that the defendants intended to

---

[1] The references to the Federal Rules of Civil Procedure are to the electronic versions that appears in Westlaw or Lexis.

pursue Ms. Doyle's deposition even after Count X had been dropped. [#416] at 2. This supposition was confirmed by the defendants' November 12, 2010, reply, in which the defendants argued that Ms. Doyle's testimony remained relevant because her statements in support of her fee application in Texas undermine the 1999 Illinois second period claims, which have not been dropped. <u>Defendants' Sur-Reply in Support of Opposition to Plaintiffs' Motion for Protective Order to Prohibit Deposition of Ellen M. Doyle</u> [#406] at 3.

Given defendants' subsequent actions, it cannot be said that plaintiffs' failure to stay resolution was unreasonable. Therefore, plaintiffs will not be sanctioned for their conduct.

B. <u>Plaintiffs' Failure to Thoroughly Discuss Plaintiffs' Intentions with Defendants</u>

The plaintiffs state that they did not advise defendants in their October 12, 2010, meeting that they intended to drop Count X because they had not yet formed that intention. [#416] at 4. The close of discovery occurred on October 23, 2010, and plaintiffs apparently consulted with their experts and closely examined their depositions before deciding to drop Count X. <u>Id</u> at 1. The final decision to drop Count X was made on November 2, 2010, and plaintiffs claim they believed that this decision was to be communicated to defendants on or about November 3, 2010, by the court-appointed mediator. <u>Id.</u> at 11. Their belief that defendants had been notified is reflected in plaintiffs' November 5, 2010, reply memorandum, which stated: "As defendants have been advised, Plaintiffs accordingly intend to withdraw Count Ten." <u>Reply Memorandum in Support of Plaintiffs' Motion for Protective Order to Prohibit Defendants' Proposed Deposition of Plaintiffs' Counsel Ellen M. Doyle</u> [#400] at 2. On November 8, 2010, plaintiffs discovered that this was not the case, and apologized to defendants' counsel. [#416] at 11.

In the immortal words of the Captain from Cool Hand Luke: "What we've got here is a

3

failure to communicate." The failure to communicate plaintiffs' intentions to opposing counsel appears to be inadvertent, however, and "unintended, inadvertent, and negligent acts will not support an imposition of sanctions under section 1927." Wallace, 64 F.2d at 1218-19. Therefore, plaintiffs will not be sanctioned for the delayed communications of their intentions to defendants.

C. Defendants' Seven-Year Delay and Current Pursuit of Deposition

Defendants have explained the timing of the deposition request by noting that, although the case has been pending for approximately eight years, most deposition discovery did not take place until September-October of 2010. [#417] at 7. The defendants additionally stated that they had considered taking Ms. Doyle's deposition "for some time," but did not make a final decision until after the plaintiffs focused their deposition questions on Ms. Doyle's dealings with the defendants' witnesses in the settlements in the Texas and Illinois litigation. Id.

Defendants claim that they had good reason for pursuing Ms. Doyle's deposition even after Count X was dropped. They believed that plaintiffs' admission that pursuing objections to the 2002 Texas Settlement was difficult because of the novelty, uncertainty, and complexity of the issues would apply even more strongly to Counts VI-IX, which deal with similar objections to the 1999 Illinois Settlement. Id. at 4. Though they acknowledged the Court's awareness of the statements, the defendants believed that it was necessary to have Ms. Doyle confirm the statements on the record because the defendants must pursue every available defense, and because plaintiffs could attempt to abandon, qualify, or explain the statements away. Id. at 5.

The defendants' explanation for the delay in seeking Ms. Doyle's deposition is reasonable, while their continued pursuit of Ms. Doyle's testimony following the resolution of

Count X appears less so. However, "the power to assess costs [under 28 U.S.C. § 1927] on the attorney involved is a power which the courts should exercise only in instances of serious and studied disregard for the orderly process of justice." Wallace, 964 F.2d at 1220 (quoting Overnite Transp. Co. v. Chicago Indus. Tire Co., 697 F.2d 789, 795 (7th Cir. 1983)) (internal quotation marks omitted). I am convinced that this is not such an instance, and therefore decline to impose sanctions under 28 U.S.C. § 1927.

## CONCLUSION

As stated above, the parties have sufficiently explained their actions and I have determined that sanctions under 28 U.S.C. § 1927 are not appropriate. An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE